**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.                        )
501 School Street, SW, Suite 500            )
Washington, D.C.  20024,                    )
                                            )
              Plaintiff,          )
                                            )
v.                                          )        Civil Action No.
                                            )
U.S. DEPARTMENT OF COMMERCE,                )
14th Street and Constitution Avenue, N.W.   )
Washington, D.C.  20230,                    )
                                            )
and                                         )
                                            )
CARLOS GUTIERREZ, in his official capacity as )
Secretary of the U.S. Department of Commerce, )
14th Street and Constitution Avenue, N.W.   )
Washington, D.C.  20230,                    )
                                            )
              Defendants.         )
_____     )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
**AND PETITION FOR WRIT OF MANDAMUS**

Plaintiff hereby sues Defendants U.S. Department of Commerce and Carlos Gutierrez, in

his official capacity as Secretary of the U.S. Department of Commerce, to compel compliance

with the Federal Advisory Committee Act, 5 U.S.C. App. 2 ("FACA").  Plaintiff seeks a

judgment declaring that the North American Competitiveness Council ("NACC") and its U.S.

component subcommittees are advisory committees subject to FACA.  Plaintiff also seeks to

enjoin Defendants from continuing to fail to comply with the requirements of FACA, including

but not limited to FACA's requirements that (i) all meetings of the NACC and its U.S.

component subcommittees be open to the public; (ii) notice of each meeting be published in the

Federal Register; (iii) interested persons be allowed to attend, appear before, or file statements

with the NACC and its U.S. component subcommittees; and (iv) records, reports, transcripts,

minutes, appendices, working papers, drafts, studies, agendas, and other documents made

available to or prepared for or by the NACC or its U.S. component subcommittees be made

available through the provisions of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

Plaintiff also seeks a writ of mandamus compelling Defendant Gutierrez to comply with the

requirements of FACA.  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1361.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (e).

## PARTIES

3.      Plaintiff is a not-for-profit, tax exempt, educational organization incorporated

under the laws of the District of Columbia.  Plaintiff has its principal place of business at 501

School Street, S.W., Suite 500, Washington, D.C. 20024.  Plaintiff seeks to promote integrity,

transparency, and accountability in government and fidelity to the rule of law.  In furtherance of

its public interest mission, Plaintiff regularly utilizes open records and open meetings statutes,

including FOIA and FACA, to monitor the actions of federal, state, and local government

agencies, entities, and offices.  Plaintiff disseminates its findings to the public through various

educational and outreach programs, including the organization's website and monthly newsletter.

2

4.     Defendant U.S. Department of Commerce is an agency of the United States Government.  Defendant has its principal place of business at 14th Street, N.W. and Constitution Avenue, N.W., Washington, D.C. 20230.

5.     Defendant Carlos Gutierrez is the Secretary of Defendant U.S. Department of Commerce.  Defendant Gutierrez has his principal place of business at 14th Street, N.W. and Constitution Avenue, N.W., Washington, D.C. 20230.  He is being sued in his official capacity only.

## STATEMENT OF FACTS AND LAW

### A.     STATUTORY FRAMEWORK

6.     FACA imposes a number of requirements on committees established or utilized by the President or federal agencies to obtain advice or recommendations ("advisory committees").  5 U.S.C. App. 2 § 2 *et seq*.  FACA defines "advisory committee," in relevant part, to include any "committee, board, commission, council, conference, panel, task force, or other similar group, or any subcommittee or other subgroup thereof . . . established or utilized by one or more agencies, in the interest of obtaining advice or recommendations for the President or one or more agencies or officers of the Federal Government."  5 U.S.C. App. 2 § 3(2).

7.     Advisory committees that meet this definition are subject to FACA's requirements unless specifically exempted by statute.  *Id.* at § 4.

8.     These requirements include, but are not limited to, the following:  (i) that all meetings be open to the public; (ii) that notice of each meeting be published in the Federal Register; (iii) that interested persons be allowed to attend, appear before, or file statements with the advisory committee; and (iv) that records, reports, transcripts, minutes, appendices, working

papers, drafts, studies, agendas, and other documents made available to or prepared for or by the advisory committees be made available through the provisions of FOIA. *See, e.g.*, 5 U.S.C. App. 2 §§ 10(a)(1-3) and (b).

### B.    ESTABLISHMENT AND MEMBERSHIP OF THE NACC

9.      On March 23, 2005, U.S. President George W. Bush, Mexican President Vincente Fox, and Canadian Prime Minister Paul Martin met in Waco, Texas for a summit of North American leaders.  The principal outcome of this meeting was the creation of the Security and Prosperity Partnership of North America ("SPP"), which has been described as a cooperative effort by the governments of the United States, Mexico, and Canada to address numerous areas of mutual concern, including the movement of goods, traveler security, energy, environment, and health.

10.     On March 15, 2006, Defendant Gutierrez, Canadian Deputy Minister of Industry Suzanne Hurtubise, and Dr. Alberto Ortega, a representative of Mexican President Vicente Fox, met with senior business leaders in Washington, D.C. to solicit the views of the North American business community on priorities for the SPP, as well as recommendations from business leaders on how the SPP could help their companies become more competitive, reduce the cost of doing business, cut red tape, and eliminate unnecessary barriers to trade in North America.  Also discussed was the possible creation and institutionalization of a "North American Competitiveness Council."

11.     Subsequent to the March 15, 2006 meeting, a framework for the NACC was reached trilaterally between Defendant Gutierrez and his Mexican and Canadian counterparts, and it was agreed that the NACC would provide recommendations on issues concerning North

American competitiveness that could be addressed through the SPP.  The NACC is the "prosperity" component of the SPP and functions as a conduit between the Defendants and the business community.

12.    On March 30-31, 2006, President Bush, President Fox, and Prime Minister Harper held a series of meetings in Cancun, Mexico to discuss various North American priorities, including the SPP and "North American Competitiveness."  One meeting between President Bush, President Fox, Prime Minister Harper, and private sector representatives from each country addressed the proposed structure of the NACC.

13.    After the March 2006 meeting in Cancun, Defendant U.S. Department of Commerce reportedly worked with the Council of the Americas, the U.S. Chamber of Commerce, and other interested parties to formalize the NACC by facilitating interaction between representatives from the three governments and  the private sector.

14.    On June 15, 2006, Defendant Gutierrez, Mexican Economy Minister Sergio Garciade Alba, Canadian Minister of Interior Maxime Bernier, and North American business leaders met in Washington, D.C. to officially launch the NACC.  According to a press release issued by Defendant U.S. Department of Commerce, on that same date, the NACC "is made up of high level business leaders from each country" who will meet annually with representatives of the United States, Mexican, and Canadian governments "to provide recommendations and priorities on promoting North American competitiveness globally."  According to the U.S. Chamber of Commerce, Secretary Gutierrez expressed a desire to "institutionalize" the SPP and the NACC, so that work will continue through changes in administrations.

15.     As officially launched by Defendant Gutierrez and his counterparts in Mexico and Canada on June 15, 2006, the NACC is comprised of thirty (35) members of the business community. Each country determines its own members and the membership selection process.

16.     The initial meeting to launch only the U.S. section of the NACC had been held previously on May 26, 2006, attended by Defendant Gutierrez and more than one hundred business leaders and government officials and employees.

17.     The U.S. component of the NACC is comprised of fifteen (15) members, all of which are large, for-profit corporations.

18.     The Mexican and Canadian components of the NACC are comprised of ten (10) members each, all of whom appear to be heads of major Mexican and Canadian business interests.

19.     None of the NACC's members are full-time officers or employees of the U.S. government. A complete list of members of the NACC is attached hereto as Exhibit A is incorporated herein by reference.

20.     Defendants, as well as the governments of Mexico and Canada, each designated organizations in their respective countries to serve as "Secretariats" and to help collect input from the business community. Defendants selected two business groups, the Council of the Americas and the U.S. Chamber of Commerce, to serve jointly as the "Secretariat" for the United States.

21.     According to the U.S. Chamber of Commerce, Defendants, as well as the governments of Mexico and Canada, have committed to participate in "ministerial-level"

meetings with the NACC annually.  The NACC also meets with "senior government officials" "two to three times per year" to "engage on an on-going basis to deliver concrete results."

22.     Also according to the U.S. Chamber of Commerce, the U.S. component of the NACC is composed of an Executive Committee and an Advisory Committee.  On information and belief, the Executive Committee is comprised of the fifteen (15) members, all of which are large corporations.  Each member is charged with representing the sector in which its business operates.

23.     Also according to the U.S. Chamber of Commerce, the Advisory Committee is comprised of more than 200 U.S. corporations, business associations, and local chambers of commerce.  The Advisory Committee provides advice and recommendations to the Executive Committee.

24.     Also according to the U.S. Chamber of Commerce, the U.S. component of the NACC, which, on information and belief, refers to the Executive Committee, meets twice a year with the Secretary of Commerce and "additional meetings at the working group level" are scheduled "as needed."

25.     The NACC met on August 15, 2006 in Washington, D.C.  On information and belief, this was the first formal meeting of the NACC.

26.     Defendant Gutierrez and his counterparts in Mexico and Canada met with the NACC on February 23, 2007 in Ottawa, Canada.  At the February 23, 2007 meeting, the NACC issued a report containing over fifty (50) recommendations regarding border-crossing facilitation, standards and regulatory cooperation, and energy integration.  That same day, February 23, 2007, Defendant Gutierrez and his counterparts in Mexico and Canada issued a press release

acknowledging their receipt of the NACC's report and recommendations.  The press release

stated that "[o]ur respective governments will review the report and consider carefully its

recommendations in preparation for the next leaders' meeting."  The press release further stated

that "[w]e will continue to work with the NACC and other stakeholders as we strive to make

North America the safest and best place to live, invest and prosper."

27.    The next "leaders" meeting will take place on August 20-21, 2007 in Montebello,

Canada.  On information and belief, the NACC also will be meeting on or about these same dates

in Montebello, Canada, in conjunction with the "leaders" meeting.

## C.    PLAINTIFF'S INVESTIGATION OF THE NACC

28.    In furtherance of its public interest mission, Plaintiff began investigating the

activities of the SPP and the NACC in approximately July 2006.  In August 2006, Plaintiff sent

FOIA requests to various federal agencies, including Defendant U.S. Department of Commerce,

seeking access to records regarding the creation, membership, operating guidelines, and meetings

of the NACC, among other topics.  Plaintiff subsequently made other FOIA requests to various

federal agencies, including Defendant U.S. Department of Commerce, seeking access to

additional records regarding the NACC.

29.    On March 23, 2007, Plaintiff submitted a request to the U.S. Chamber of

Commerce, one of the organizations designated by Defendants to serve as Secretariat for the U.S.

component of the NACC, asking that it be allowed to "participate in all future meetings of the

NACC, to include Ministerial, Executive Committee and Advisory Committee meetings."

30.    By letter dated April 19, 2007, the U.S. Chamber of Commerce informed Plaintiff

that only invited officials and members of the Executive Committee of the NACC could

participate in "Ministerial" meetings. The U.S. Chamber of Commerce also informed Plaintiff that membership in the Executive Committee was "by definition only open to companies" and that the Advisory Committee is "only open to companies, sectoral associations, and local chambers of commerce."

31.     On July 26, 2007, Plaintiff submitted a request to Defendants asking that they acknowledge that the NACC and its U.S. component subcommittees are advisory committees under FACA. Plaintiff's letter also requested Defendants bring the NACC and its U.S. component subcommittees into compliance with all appropriate laws and regulations, including FACA's requirements that meetings be open to Plaintiff and members of the public and that all records, reports, transcripts, minutes, appendixes, working papers, drafts, studies, agendas, or other documents made available to or prepared by the NACC and its U.S. component subcommittees be made available to Plaintiff pursuant to the provisions of FOIA.

32.     As of August 10, 2007, Defendants had failed to respond to Plaintiff's request.

33.     As a not-for-profit, tax exempt, educational organization that seeks to promote integrity, transparency, and accountability in government, Plaintiff has been and continues to be damaged by Defendants' refusal to allow it access to the meetings and records of the NACC and its U.S. component subcommittees. Not only has Defendants' refusal thus denied Plaintiff the ability to obtain information and records about the SPP and the NACC, but it also is restricting Plaintiff's ability to disseminate such information and records to the public and is limiting Plaintiff's ability to carry out its public interest mission in general.

34.     Moreover, public confidence in the integrity of the U.S. government as a whole has been and will be harmed by the appearance that Defendants are meeting with and obtaining

recommendations and advice from a few, select members of major corporations, each with their own self interests, in order to formulate government policy. Defendants' actions also create the appearance that members of the NACC and its U.S. component subcommittees may gain favor or influence with Defendants and/or the U.S. government by participating in the NACC process, to the detriment of others who are not allowed to participate, thus further undermining public confidence in government.

## COUNT I
### (Declaratory Judgment; 28 U.S.C. § 2201 )

35. Plaintiff incorporates by reference paragraphs 1-33 as if fully set forth herein.

36. The NACC and its U.S. component subcommittees each constitute advisory committees as that term is defined by FACA. 5 U.S.C. App. 2 § 3(2). The NACC and its U.S. component subcommittees have been established and utilized by Defendants.

37. Defendants are violating FACA by establishing and utilizing the NACC and its U.S. component subcommittees, including the Executive Committee and the Advisory Committee, without complying with the requirements of the statute, including but not limited to the statute's requirements that: (i) all meetings be open to the public; (ii) notice of each meeting be published in the Federal Register; (iii) interested persons be allowed to attend, appear before, or file statements with the NACC and its U.S. component subcommittees; and (iv) records, reports, transcripts, minutes, appendices, working papers, drafts, studies, agendas, and other documents made available to or prepared for or by the NACC or its U.S. component subcommittees be made available through FOIA. 5 U.S.C. App. 2 §§ 10(a)(1-3) and (b).

38.    Defendants' violations of FACA have injured Plaintiff in the manner described in paragraph 32, above.

39.    Plaintiff will continue to suffer permanent and irreparable injury unless the operation of the NACC and its U.S. component subcommittees are brought into compliance with the provisions of FACA.

## COUNT II
### (Administrative Procedure Act; 5 U.S.C. § 706)

40.    Plaintiff incorporates by reference paragraphs 1-39 as if fully set forth herein.

41.    By establishing and utilizing the NACC and its U.S. component subcommittees, and by permitting the NACC and its U.S. component subcommittees to it to meet and deliberate without complying with the FACA, Defendants are (a) acting in a manner that is arbitrary, capricious, and contrary to law; (b) acting without observance of procedure required by law; and (c) unlawfully withholding agency action, in violation of the Administrative Procedure Act ("APA").  5 U.S.C. §§ 706(1) and (2)(A) and (D).

42.    Defendants' violations of FACA and the APA have injured Plaintiff in the manner described in paragraph 32, above.

43.    Plaintiff will continue to suffer permanent and irreparable injury unless the operation of the NACC and its U.S. component subcommittees are brought into compliance with the provisions of FACA and the APA.

## COUNT III
### (Mandamus; 28 U.S.C. § 1361)

44.     Plaintiff incorporates by reference paragraphs 1-43 as if fully set forth herein.

45.     By establishing and utilizing the NACC and its U.S. component subcommittees, and by permitting the NACC and its U.S. component subcommittees to it to meet and deliberate without complying with the FACA, Defendants are failing to carry out ministerial acts owed to Plaintiff.  28 U.S.C. § 1361.

46.     Defendants' failure to carry out ministerial acts owed to Plaintiff under FACA have injured Plaintiff in the manner described in paragraph 32, above.

47.     Plaintiff will continue to suffer permanent and irreparable injury unless the operation of the NACC and its U.S. component subcommittees are brought into compliance with the provisions of FACA.

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Declare that the NACC, the Executive Committee, and the Advisory Committee, are advisory committees under FACA and must comply with all requirements of FACA and all applicable laws;

B.     Declare that Defendants have violated FACA in the following ways, among others:

i.     failing to open each meeting of the NACC, the Executive Committee, and Advisory Committee to the public in violation of 5 U.S.C. § 10(a)(1);

ii.     failing to publish timely notice of each meeting of the NACC, the

Executive Committee, and the Advisory Committee in the Federal Register, in violation of 5

U.S.C. § 10(a)(2);

iii.     failing to allow Plaintiff and other interested persons and entities to attend,

appear before, or file statements with the NACC, the Executive Committee, and the Advisory

Committee, in violation of  5 U.S.C. §10(a)(2); and

iv.     failing to make available for public inspection and copying the records,

reports, transcripts, minutes, appendices, working papers, drafts, studies, agendas, or other

documents which were made available to or prepared for or by the NACC, the Executive

Committee, and the Advisory, in violation of  5 U.S.C. App. 2 § 10(b);

C.     Permanently enjoin Defendants from allowing the NACC, the Executive

Committee, and the Advisory Committee to operate in any manner that is not in full compliance

with FACA, including the requirements set forth in items (i) through (iv) of subparagraph C;

D.     Issue a writ of mandamus compelling Defendants to perform carry out all

nondiscretionary duties required by FACA with respect to the operation of the NACC, the

Executive Committee, and the Advisory Committee, including the requirements set forth in items

(i) through (iv) of subparagraph C;

E.     Permanently enjoin Defendants to provide to Plaintiff, within ten working days

and at no cost to Plaintiff, a full and complete copy of all records, reports, transcripts, minutes,

appendixes, working papers, drafts, studies, agenda, or other document that were made available

to or prepared for or by the NACC, the Executive Committee, or the Advisory Committee,

irrespective of whether any such document otherwise is or could be exempt from disclosure

under 5 U.S.C. §§ 552(b)(2), (5), or (7)-(9); and

      F.    Award Plaintiff attorneys fees and costs of suit, as well as any and all other relief

the Court deems appropriate.

Dated: August 10, 2007                     Respectfully submitted,

                                    JUDICIAL WATCH, INC.

Paul J. Orfanedes
D.C. Bar No. 429716
Suite 500
501 School Street, S.W.
Washington, D.C.  20024
(202) 646-5172

James F. Peterson
D.C. Bar No. 450171
Suite 500
501 School Street, S.W.
Washington, D.C.  20024
(202) 646-5172

Meredith L. Di Liberto
D.C. Bar No. 487733
Suite 500
501 School Street, S.W.
Washington, D.C.  20024
(202) 646-5172

*Attorneys for Plaintiff*

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JUDICIAL WATCH, INC. | U.S. DEPARTMENT OF COMMERCE<br>and<br>CARLOS GUTIERREZ |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>**(IN U.S. PLAINTIFF CASES ONLY)** _____<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Paul J. Orfanedes, Esq.<br>501 School Street, S.W., Suite 500<br>Washington, D.C. 20024<br>(202) 646-5172 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

○ 3 Federal Question
   (U.S. Government Not a Party)

◉ 2 U.S. Government
   Defendant

○ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place<br>of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place<br>of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/**
   **Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency**
   **Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
     Administrative Agency is Involved)

○ **D. Temporary Restraining**
   **Order/Preliminary**
   **Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

---

○ **E. General Civil (Other)**        OR        ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
     defendant
☐ 871 IRS-Third Party 26
     USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
     of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
     Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
     Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
     Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
     Exchange
☐ 875 Customer Challenge 12 USC
     3410
☐ 900 Appeal of fee determination
     under equal access to Justice
☐ 950 Constitutionality of State
     Statutes
☐ 890 Other Statutory Actions (if
     not administrative agency
     review or Privacy Act

<table>
<tr><td colspan="2">

○ **G.** *Habeas Corpus/ 2255*

☐ 530 Habeas Corpus-General
☐ 510 Motion/Vacate Sentence

</td><td>

○ **H.** *Employment Discrimination*

☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)

*(If pro se, select this deck)*

</td><td>

◉ **I.** *FOIA/PRIVACY ACT*

☒ 895 Freedom of Information Act
☐ 890 Other Statutory Actions (if Privacy Act)

*(If pro se, select this deck)*

</td><td>

○ **J.** *Student Loan*

☐ 152 Recovery of Defaulted Student Loans (excluding veterans)

</td></tr>
</table>

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Court from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Freedom of Information Act, 5 U.S.C. Section 552. Defendants are improperly withholding records.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** [_____] **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  8/8/2007         SIGNATURE OF ATTORNEY OF RECORD   *Paul Orfanedes*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

EXHIBIT A



North American Competitiveness Council
Consejo de Competitividad de América del Norte
Conseil nord-américain de la compétitivité

*ENHANCING COMPETITIVENESS*
*IN CANADA, MEXICO, AND THE UNITED STATES*

**PRIVATE-SECTOR PRIORITIES**
**FOR THE SECURITY AND PROSPERITY PARTNERSHIP**
**OF NORTH AMERICA (SPP)**

**INITIAL RECOMMENDATIONS OF THE**
**NORTH AMERICAN COMPETITIVENESS COUNCIL (NACC)**

FEBRUARY 2007                                    PAGE 1

# APPENDIX III: LIST OF MEMBERS OF THE NACC

### Canada

- **Dominic D'Alessandro**, President and CEO, Manulife Financial
- **Paul Desmarais, Jr.**, Chairman and Co-CEO, Power Corporation of Canada
- **David A. Ganong**, President, Ganong Bros. Limited
- **Richard L. George**, President and CEO, Suncor Energy Inc.
- **E. Hunter Harrison**, President and CEO, Canadian National Railway Company
- **Linda Hasenfratz**, CEO, Linamar Corporation
- **Michael Sabia**, President and CEO, Bell Canada Enterprises (BCE)
- **James A. Shepherd**, President and CEO, Canfor Corporation
- **Annette Verschuren**, President, The Home Depot Canada
- **Richard E. Waugh**, President and CEO, The Bank of Nova Scotia

### Mexico

- **José Luís Barraza**, President, Consejo Coordinador Empresarial (CCE) and CEO of Grupo Impulso, Realiza & Asociados, Inmobiliaria Realiza and Optima
- **Gastón Azcárraga**, President, Consejo Mexicano de Hombres de Negocios (CMHN) and CEO of Mexicana de Aviación and Grupo Posadas
- **León Halkin**, President, Confederación de Cámaras Industriales (CONCAMIN) and Chairman of the Board and CEO of four companies in the industrial and real estate markets
- **Valentín Díez**, President, Consejo Mexicano de Comercio Exterior (COMCE) and former Vicepresident of Grupo Modelo.
- **Jaime Yesaki**, President, Consejo Nacional Agropecuario (CNA) and CEO of several Poultry companies.
- **Claudio X. González**, President, Centro de Estudios Económicos del Sector Privado (CEESP) and Chairman of the Board and CEO Kimberly-Clark de Mexico
- **Guillermo Vogel**, Vice President, TAMSA (Tubos de Acero de México)
- **César de Anda Molina**, President and CEO, Avicar de Occidente
- **Tomás González Sada**, President and CEO, Grupo CYDSA
- **Alfredo Moisés Ceja**, President, Finca Montegrande

*United States*

- **Campbell Soup Company**
- **Chevron Corporation**
- **Ford Motor Company**
- **FedEx Corporation**
- **General Electric Company**
- **General Motors Corp.**
- **Kansas City Southern**
- **Lockheed Martin Corporation**
- **Merck & Co., Inc.**
- **Mittal Steel USA**
- **New York Life Insurance Company**
- **The Procter & Gamble Company** (joined in 2007)
- **UPS**
- **Wal-Mart Stores, Inc.**
- **Whirlpool Corporation**