UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, INC., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> U.S. DEPARTMENT OF COMMERCE, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 07-cv-1446 (RMU) |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION OR FOR FAILURE TO STATE A CLAIM

### INTRODUCTION

The Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (dkt. no. 14), fails to establish that Judicial Watch's complaint sufficiently alleges either standing to sue or a legal basis for relief. Judicial Watch lacks standing, because it has not identified specific records or upcoming meetings to which Judicial Watch has sought access and to which the Department of Commerce or the Secretary of Commerce could assist Judicial Watch in obtaining access. Judicial Watch's complaint also fails to state a claim upon which relief can be granted, because it does not allege that the Department of Commerce appointed the members of the NACC, its U.S. component, or the associated advisory council or exercises actual management or control over any of the three groups in a manner that would trigger the application of the Federal Advisory Committee Act (FACA), 5 U.S.C. app. §§ 1–16. Judicial Watch's complaint therefore should be dismissed for lack of subject matter jurisdiction or for failure to state a claim, for the reasons explained in the defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss for Lack of Jurisdiction or for Failure to State a Claim (dkt. no. 12).

**ARGUMENT**

I.  **The Court Lacks Subject Matter Jurisdiction over This Action, because Judicial Watch Lacks Standing.**

   A.  **Judicial Watch Lacks an Injury in Fact, because Judicial Watch Has Not Identified Specific Documents That the Department of Commerce Has Refused to Provide.**

Judicial Watch has not adequately alleged standing to challenge the Commerce Department's interactions with the NACC, its U.S. component, or the associated advisory council, because Judicial Watch has not identified any personal injury caused by the Commerce Department or likely to be redressed by an order against the Commerce Department.

The injury-in-fact component of standing demands that the plaintiff allege a "personal stake in the outcome of the controversy." Warth v. Seldin, 422 U.S. 490, 498 (1975) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)). A plaintiff cannot establish an injury in fact by merely asserting "a right to a particular kind of Government conduct, which the Government has violated by acting differently." Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, 454 U.S. 464, 483 (1982).

A plaintiff can show standing based on an "informational injury," FEC v. Akins, 524 U.S. 11, 24 (1998), if the plaintiff "sought and [was] denied specific agency records," Pub. Citizen v. U.S. Dep't of Justice, 491 U.S. 440, 449 (1989). But Judicial Watch has not sufficiently alleged an informational injury. Judicial Watch has not identified any specific records within the control of the Commerce Department to which Judicial Watch has been denied access. The fact that Judicial Watch has so far been unable to obtain "all of the records of the NACC and its U.S. component subgroups," Pl.'s Opp'n at 11, does not amount to an informational injury supporting standing in this case, because records count toward a showing of informational injury only if the defendants control the records or are otherwise capable of

providing the records to the plaintiff. Cf. Pub. Citizen, 491 U.S. at 449 (referring to "agency records"). The NACC, the U.S. component of the NACC, and the associated advisory council are private entities outside the control of the Commerce Department.[1]

### B. Judicial Watch Has Not Shown That It Has Alleged Harm That Is Likely To Be Redressed by a Favorable Decision.

Article III of the Constitution also requires a plaintiff to satisfy the redressability component of standing, which requires that the plaintiff show that its injury is "likely to be redressed by a favorable decision." Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 38 (1976).

Judicial Watch argues that three potential forms of relief would likely redress its injury: a declaratory judgment, an order directing the defendants "to comply with FACA," or an order directing the defendants "to take all steps within their power [to] ensure" that Judicial Watch may attend future NACC meetings. Pl.'s Mem. at 11–12. None of these is a form of relief whose availability satisfies the Article III redressability requirement in the circumstances of this case.

The availability of declaratory relief does not create a controversy where no controversy is present. A declaratory judgment issued in the absence of a controversy is an impermissible advisory opinion. See 28 U.S.C. § 2201 (limiting a court's issuance of declaratory relief to "a case of actual controversy within its jurisdiction" (emphasis added)); MedImmune, Inc. v. Genentech, Inc., 127 S. Ct. 764, 770–71 & n.7 (2007). As the Supreme Court explained in

---

[1] Judicial Watch also argues that it has standing to seek access to NACC records and meetings not just for itself, but also for the public at large, because FACA requires public access to advisory committee records and meetings. Pl.'s Opp'n at 12 n.5. Judicial Watch is confusing the issue of standing to seek judicial relief with the separate issue of what FACA requires the government to do. Even if the Commerce Department were violating FACA in its dealings with all members of the public, and even if Judicial Watch had standing to seek judicial relief, Judicial Watch at most could only seek relief related to its own dealings with the Commerce Department. See Defs.' Mem. at 13–14.

MedImmune, Inc. v. Genentech, Inc., an action seeking a declaratory judgment presents a controversy only if the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests," and admits of "specific relief through a decree of conclusive character." Id. at 771 (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–41 (1937)); see also Fed. Express Corp. v. Air Line Pilots Ass'n, 67 F.3d 961, 963–64 (D.C. Cir. 1995). In this case, because Judicial Watch has not identified any specific records that the Commerce Department can be ordered to hand over, or any specific meetings where the Commerce Department should assist Judicial Watch in gaining admission, a declaratory judgment would not resolve the legal relations of Judicial Watch and the defendants in a concrete fashion.

Judicial Watch argues that Byrd v. U.S. EPA, 174 F.3d 239 (D.C. Cir. 1999), supports the notion that its request for declaratory relief is sufficient to establish a controversy. In Byrd, however, the plaintiff identified specific documents—"written comments and pre-meeting notes," id. at 243—that the EPA had not furnished and could be ordered to furnish. In addition, the court in Byrd found that a declaratory judgment might affect future agency action in which the plaintiff had an interest, for example, by leading the EPA to conduct further peer review of its study of the health effects of benzene. Id. at 243–44. In this case, Judicial Watch has not explained how a declaratory judgment could assist it in influencing policy action by the Department of Commerce; indeed, Judicial Watch has not even alleged that it seeks to influence any substantive policy action by the Department of Commerce.

An order directing the defendants "to comply with FACA" or "to take all steps within their power [to] ensure" that Judicial Watch may attend future NACC meetings, Pl.'s Mem. at 11–12, also would not redress any concrete injury. Again, Judicial Watch has not identified any specific records that the Department of Commerce possesses and can be ordered to turn over.

4

Nor has Judicial Watch identified any future meetings or events that Judicial Watch will seek to attend and where the Department of Commerce will likely be able to assist Judicial Watch in gaining entry. At most, Judicial Watch has professed a general intention to attend future meetings that may occur. That is not enough to establish standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 (1982) (finding that the plaintiffs' professed intent to visit wildlife areas in the future was insufficient to establish standing because "[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.").

Indeed, Rule 65(d) of the Federal Rules of Civil Procedure requires that an injunction "shall be specific in terms [and] shall describe in reasonable detail . . . the act or acts sought to be restrained."[2] An injunction that simply directed the Department of Commerce to comply with FACA or to assist Judicial Watch in gaining access to unspecified future meetings would not satisfy that requirement. See SEC v. Wash. Inv. Network, 475 F.3d 392, 407 (D.C. Cir. 2007) (holding that an injunction commanding defendants to comply with certain statutes but not commanding or restraining specific acts was not sufficiently specific to satisfy Rule 65(d)).

**II.    Judicial Watch's Complaint Fails to State a Claim upon Which Relief Can Be Granted, because the NACC Is Not Subject to the FACA, and Judicial Watch Has Not Identified a Statute Authorizing This Suit.**

    **A.    The Complaint Does Not Allege That the Commerce Department Was Involved in the Development of the NACC or Has Ever Exercised Control over the NACC in a Way That Would Trigger the Application of FACA.**

Judicial Watch's opposition also fails to establish that its complaint states a claim upon which relief can be granted. The factual allegations in Judicial Watch's complaint are simply

---

[2] See also Fed. R. Civ. P. 65(d)(1) (Proposed Amendment Dec. 1, 2007) (injunction must "state its terms specifically[] and . . . describe in reasonable detail . . . the act or acts restrained or required").

insufficient to suggest a violation of FACA or a right to relief under any federal statute.

To withstand a motion to dismiss for failure to state a claim, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (footnote omitted) (citations omitted). The rules of pleading require factual allegations "plausibly suggesting," and "not merely consistent with," a valid claim for relief. Id. at 1966.[3]

Judicial Watch first asserts that the defendants have "concede[d] FACA's applicability" by processing its FOIA request for documents. Pl.'s Opp'n at 10 n.3. The Freedom of Information Act, 5 U.S.C. § 552, is separate from and independent of FACA, 5 U.S.C. app. §§ 1–16. Compliance with the terms of FOIA does not amount to an concession that FACA is applicable.

Judicial Watch also argues that its allegation that the NACC, the U.S. component of the NACC, and the associated advisory council were "established and utilized" by the defendants is sufficient in itself. Pl.'s Opp'n at 12 (citing Compl. ¶ 36). But as the Supreme Court has explained, "labels and conclusions," or a "formulaic recitation of the elements of a cause of action," are not sufficient by themselves to survive a motion to dismiss. Bell Atl. Corp., 127 S. Ct. at 1965.

---

[3] Judicial Watch asserts that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Pl.'s Opp'n at 2, 15 (quoting Conley v. Gibson, 355 U.S. 41, 45–46 (1957), overruled in part by Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007)). The Supreme Court has made it clear that this formulation does not accurately describe the law. Bell Atl. Corp., 127 S. Ct. at 1969 & n.8 (repudiating Conley's "no set of facts" language).

Judicial Watch also asserts that its complaint adequately pleads facts suggesting that the defendants "established" and "utilized" the NACC within the meaning of FACA § 3(2), 5 U.S.C. app. § 3(2). Pl.'s Opp'n at 13–14. At most, the complaint suggests that the Commerce Department encouraged and facilitated the development of the NACC and has had contact with the NACC and its members. But as explained in the defendants' motion to dismiss, this kind of activity and involvement falls far short of what is required to trigger the requirements of FACA. An organization simply cannot fall within the scope of FACA unless, at a bare minimum, the government directly appoints the members of the organization or exercises actual management or control over the organization. See Defs.' Mem. at 18–24 (explaining the meaning of the terms "established" and "utilized").

None of the factual allegations in the complaint suggests that the Commerce Department directly appointed the members of the NACC, its U.S. component, or the advisory council, which would be an absolute requirement for a showing that the Commerce Department "established" one of the organizations. See Defs.' Mem. at 18–24 (explaining the meaning of the word "established"). Indeed, the complaint directly states that more than half of the NACC's members were selected within Canada and Mexico. Compl. ¶ 15.

Likewise, none of the allegations in Judicial Watch's complaint suggests that the Commerce Department has ever exercised "actual management or control" over the NACC, its U.S. component, or the advisory council, which would be required for a showing that the Commerce Department has "utilized" one of the organizations. See Defs.' Mem. at 18–24 (explaining the meaning of the word "utilized"). Indeed, the complaint states that the NACC and its national components, including the U.S. component, are managed by organizations outside the government designated as Secretariats. Compl. ¶ 20.

Furthermore, as stated in the defendants' memorandum of points and authorities, the complaint does not suggest that the NACC, its U.S. component, or the advisory council furnishes advice to the U.S. government on any "identified governmental policy," Judicial Watch, Inc. v. Clinton, 76 F.3d 1232, 1233 (D.C. Cir. 1996). Such a showing is required to establish that an advisory committee was established or utilized "in the interest of obtaining advice or recommendations" under the statute, 5 U.S.C. app. § 3(2). See Judicial Watch, 76 F.3d at 1233. All that the complaint alleges is that the NACC develops general recommendations for North American regional policy priorities targeted collectively at the governments of the United States, Canada, and Mexico. See Defs.' Mem. at 24–26.

Judicial Watch does not argue that it has adequately alleged that the government appointed the members of the NACC, the U.S. component of the NACC, or the associated advisory council; that the government exercises actual management or control over the groups; or that the groups furnish advice to the U.S. government on identified governmental policies. Instead, Judicial Watch disputes the defendants' interpretation of the statute and contends that a more tenuous relationship between the government and a private group can trigger the application of FACA. See Pl.'s Opp'n at 15–19. As the defendants explained at length in their memorandum of points and authorities, the narrower interpretation that the defendants have advanced is dictated by Supreme Court and D.C. Circuit precedent.[4]

### B.    Judicial Watch Has Not Identified a Statute Authorizing This Suit.

As explained in the defendants' motion to dismiss, neither the Administrative Procedure

---

[4] Judicial Watch's opposition memorandum strangely asserts that the "sole citation of authority" the defendants have offered to support their interpretation of the statute is People for the Ethical Treatment of Animals, Inc. v. Barshefsky, 925 F. Supp. 844 (D.D.C. 1996). Pl.'s Opp'n at 17. In fact, the defendants' memorandum of points and authorities cited numerous other cases that are directly relevant and binding on this Court. See Defs.' Mem. at 18–31.

Act (APA), 5 U.S.C. §§ 701–706, nor the Mandamus and Venue Act, 28 U.S.C. § 1361, provides a basis for challenging a general failure to comply with a statute. Actions under the APA or in the nature of mandamus must focus on discrete actions or failures to act. See Defs.' Mem. at 17–18, 28–30. Judicial Watch does not respond to these arguments, but instead asserts that under NRDC v. Johnson, 488 F.3d 1002 (D.C. Cir. 2007) (per curiam), FACA itself provides a basis for suit. See Pl.'s Opp'n at 9 (quoting id. at 1003). However, the cited portion of the NRDC opinion only states that FACA imposes a duty on the government independent of FOIA. See NRDC, 488 F.3d at 1003. Even when a statute creates a substantive right or duty, the statute does not necessarily authorize individuals to bring suit to enforce that right or duty. See Alexander v. Sandoval, 532 U.S. 275, 286–87 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."); see also id. at 289 (noting that a statute phrased as a directive to federal agencies generally should not be viewed as conferring a private remedy on individuals).

    FACA does not authorize suits by individuals. Individuals wishing to challenge FACA violations must rely on other statutes authorizing suit—for example, by bringing a case that challenges a discrete agency action and is therefore appropriate for resolution under the APA. See Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group, 219 F. Supp. 2d 20, 33 (D.D.C. 2002) ("FACA creates no private right of action."), overruled in part on other grounds by In re Cheney, 406 F.3d 723 (D.C. Cir. 2005); see also Cheney v. U.S. Dist. Court for the D.C., 542 U.S. 367, 374–75 (2004) (reciting the district court's holding without remark in discussing the procedural background of the litigation). Judicial Watch has not identified any statute that authorizes this lawsuit.

## **CONCLUSION**

For the reasons above, the Department of Commerce and the Secretary of Commerce respectfully request that the Court dismiss this action for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

Dated: November 19, 2007                    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

/s/ JAMES C. LUH
JAMES C. LUH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov
Attorneys for Defendants