**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JUDICIAL WATCH, INC., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-1446 (RMU) |
| | : | | |
| v. | : | Document No.: | 12 |
| | : | | |
| U.S. DEPARTMENT OF COMMERCE, | : | | |
| | : | | |
| and | : | | |
| | : | | |
| CARLOS GUTIERREZ, | : | | |
| in his official capacity as Secretary of the | : | | |
| U.S. Department of Commerce, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING THE DEFENDANTS' MOTION TO DISMISS**

**I.    INTRODUCTION**

The plaintiff asks that the court declare that the North American Competitiveness Council ("NACC") and its U.S. component subcommittees are advisory committees subject to and in violation of the Federal Advisory Committee Act ("FACA"), 5 U.S.C. app. §§ 1-16.  The plaintiff also seeks a writ of mandamus compelling the defendants (collectively the "Commerce Department") to comply with the requirements of FACA in relation to the NACC.  This matter is before the court on the defendants' motion to dismiss, which the court grants because the plaintiff fails to demonstrate that it has standing to bring its claims.

## II.   BACKGROUND

### A.   Factual History

The plaintiff, in its quest to promote government transparency and accountability, has investigated the activities of the Security and Prosperity Partnership of North America ("SPP") and the NACC since approximately July 2006.  Compl. ¶¶ 3, 28.  In March 2005, President George W. Bush, then-Mexican President Vincente Fox and then-Canadian Prime Minister Paul Martin created the SPP as part of a cooperative effort to address areas of mutual concern to their countries.  *Id*. ¶ 9.  In March 2006, the Commerce Department and representatives of the other two governments met with business leaders for input into the SPP's function and discussed the possible creation of the NACC, a council of "high level business leaders from each country" to meet annually with government representatives and "provide recommendations and priorities on promoting North American competitiveness globally."  *Id.* ¶¶ 10, 14.

On June 15, 2006, the Commerce Department and representatives from the other governments met in Washington, D.C. to officially launch the NACC.  *Id.* ¶¶ 11, 14.  The NACC is a thirty-five member council from the three countries, and each country selects its members through its own membership selection process.  *Id.* ¶ 15.  The defendants designated the Council of Americas and the U.S. Chamber of Commerce to select the NACC's U.S. membership.  *Id.* ¶ 20.

Because it believes that the NACC is governed by FACA, the plaintiff argues that the NACC's meetings must be public and its records and reports must be made available through Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests.  *Id.* ¶¶ 36-37.  The plaintiff has sought access to records regarding the NACC via multiple FOIA requests to various federal

agencies, including the defendants. *Id.* ¶ 28. On March 23, 2007, the plaintiff submitted a

request to the U.S. Chamber of Commerce to participate in NACC meetings. *Id.* ¶ 29. The

Chamber of Commerce denied that request, stating that NACC meetings are only open to invited

officials and members of the Executive Committee of the NACC. *Id.* ¶ 30. On July 26, 2007,

the plaintiff submitted a request to the defendants asking that they acknowledge that the NACC

and its U.S. component subcommittees are advisory committees under FACA and demanding

that the defendants bring the NACC and its U.S. component subcommittees into compliance with

all appropriate laws and regulations. *Id*. ¶ 31. As of August 10, 2007, the defendants had not

responded to the plaintiff's request. *Id*. ¶ 32. The Department of Commerce allegedly released

some responsive documents to the plaintiff on August 28, 2007, and is currently processing the

request pursuant to the provisions of FOIA. Defs.' Mot. at 14-15.

### B.    Procedural History

Dissatisfied with the defendants' response and believing that the defendants' actions

violated FACA, on August 10, 2007, the plaintiff brought this suit and a motion for a temporary

restraining order ("TRO") or preliminary injunction compelling the Commerce Department to

admit the plaintiff to a meeting held ten days later in Montebello, Canada. *See generally Judicial

Watch, Inc. v. Dep't of Commerce*, 501 F. Supp. 2d 83 (D.D.C. 2007). Denying the plaintiff's

motion for a TRO on August 16, 2007, the court concluded that the plaintiff had failed to

establish either a likelihood of success on the merits or irreparable injury. *Id.* at 87.

In the complaint, the plaintiff seeks (1) a declaratory judgment stating that the NACC, the

15 member companies that serve as the U.S. component of the NACC and the advisory council

established by the U.S. NACC Secretariat are subject to FACA and that the defendants have

violated FACA; (2) an injunction barring the defendants from continuing the alleged

noncompliance with FACA; (3) mandamus relief ordering the defendants to perform "all

nondiscretionary duties required by FACA with respect to the operation of the three groups"; and

(4) a permanent injunction requiring the defendants to provide all records and other materials

made available to or prepared by or for one of the three groups, including all records that would

be exempt from disclosure under certain provisions of FOIA.  Compl. ¶¶ 12-14.  The defendants

move to dismiss for lack of subject-matter jurisdiction on the belief that the plaintiff's allegations

do not present a live case or controversy that can be resolved in a federal court.  Defs.' Mot. at 1.

The court now turns to resolve these issues.


### III.   ANALYSIS

#### A.   Legal Standard for Standing

Article III of the Constitution limits the jurisdiction of federal courts to cases or

controversies.  U.S. CONST. art. III, § 2, cl. 1.  These prerequisites reflect the "common

understanding of what it takes to make a justiciable case."  *Steel Co. v. Citizens for a Better

Env't*, 523 U.S. 83, 102 (1998).  Consequently, "a showing of standing is an essential and

unchanging predicate to any exercise of a court's jurisdiction."  *Fla. Audubon Soc'y v. Bentsen*,

94 F.3d 658, 663 (D.C. Cir. 1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

(1992)).

As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing

standing.  *Defenders of Wildlife*, 504 U.S. at 561; *Steel Co.*, 523 U.S. at 104; *City of Waukesha v.

Envtl. Prot. Agency*, 320 F.3d 228, 233 (D.C. Cir. 2003) (per curiam).  The extent of the

plaintiff's burden varies according to the procedural posture of the case. *Sierra Club v. Envtl. Prot. Agency*, 292 F.3d 895, 898-99 (D.C. Cir. 2002). At the pleading stage, general factual allegations of injury resulting from the defendant's conduct will suffice. *Id.* On a motion for summary judgment, however, the "plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts which for purposes of the summary judgment motion will be taken to be true." *Id.* at 899 (citing FED. R. CIV. P. 56); *accord Fl. Audubon*, 94 F.3d at 666.

To demonstrate standing, a plaintiff must satisfy a three-pronged test. *Sierra Club*, 292 F.3d at 898 (citing *Defenders of Wildlife*, 504 U.S. at 560). First, the plaintiff must have suffered an injury in fact, defined as a harm that is concrete and actual or imminent, not conjectural or hypothetical. *Byrd v. Envtl. Prot. Agency*, 174 F.3d 239, 243 (D.C. Cir. 1999) (citing *Steel Co.*, 523 U.S. at 103). Second, the injury must be fairly traceable to the governmental conduct alleged. *Id.* Finally, it must be likely that the requested relief will redress the alleged injury. *Id.* Our court of appeals has made clear that no standing exists if the plaintiff's allegations are "purely speculative[, which is] the ultimate label for injuries too implausible to support standing." *Tozzi v. Dep't of Health & Human Servs.*, 271 F.3d 301, 307 (D.C. Cir. 2001). Nor is there standing where the court "would have to accept a number of very speculative inferences and assumptions in any endeavor to connect the alleged injury with [the challenged conduct]." *Winpisinger v. Watson*, 628 F.2d 133, 139 (D.C. Cir. 1980).

The test for standing shifts focus when a plaintiff challenges an agency's failure to comply with a procedural requirement. *Fl. Audubon*, 94 F.3d at 664 (citing *Defenders of Wildlife*, 504 U.S. at 572 n.7). In such cases, as long as the procedural requirement is designed to

protect a threatened, concrete interest of the plaintiff, the violation is sufficient to grant the

plaintiff standing. *City of Waukesha*, 320 F.3d at 234.  To ensure that the plaintiff's interest is

more than a general interest common to all members of the public, however, the procedural-

rights plaintiff must show "that it is substantially probable that the procedural breach will cause

the essential injury to the plaintiff's own interest."  *Id.* (citing *Fl. Audubon*, 94 F.3d at 664).

If the plaintiff is an association, it may demonstrate standing as long as "its members

would have standing to sue in their own right, the interests at stake are germane to the

organization's purpose, and neither the claim asserted nor the relief requested requires members'

participation in the lawsuit."  *Consumer Fed'n of Am. v. Fed. Commc'ns Comm'n*, 348 F.3d

1009, 1011 (D.C. Cir. 2003) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333,

343 (1977)).

### B.    The Court Grants the Defendants' Motion to Dismiss Because the Plaintiff Fails to Demonstrate Standing

The plaintiff claims that the defendants established and utilized the NACC as an advisory

committee and that the defendants' alleged use of the NACC violates FACA.  Compl. ¶¶ 36-37.

The defendants deny this characterization of the NACC and argue that the plaintiff does not have

standing to raise these alleged violations of FACA.  Defs.' Mot. at 10, 19.  For the reasons that

follow, the court holds that the plaintiff lacks standing to bring the FACA claims.

### 1.    The Plaintiff Has Sufficiently Established an Injury in Fact

The plaintiff claims that it suffered "informational injury" when it was denied access to

the meetings and records of the NACC and its U.S. component subgroups.  Pl.'s Opp'n at 10;

Compl. ¶¶ 31-33.  The defendants assert that the plaintiff has failed to identify any specific

requests for information about the NACC that they have denied.  Defs.' Mot. at 1.  Thus,

according to the defendants, the plaintiff cannot demonstrate an injury in fact.

The defendants correctly note that for the plaintiff to establish an injury in a FACA case [1]

it must demonstrate that it "sought and was denied specific agency records."  Defs.' Mot. at 11

(citing *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 445-46 (1989)).  The plaintiff must

similarly demonstrate that it sought and was denied access to agency meetings.  *See Pub. Citizen*,

491 U.S. at 445-446.  The request for records described in the complaint is a letter addressed to

the Secretary of Commerce dated July 26, 2007.  Compl. ¶ 9.  In this letter the plaintiff

specifically requested that the defendants make available "all records, reports, transcripts,

minutes, appendixes, working papers, drafts, studies, agendas, or other documents made

available to or prepared by the NACC and its U.S. component subcommittees."  *Id*. ¶ 31.  The

plaintiff also alleges that it submitted a request to the Chamber of Commerce to "be allowed to

'participate in all future meetings of the NACC.'"  Pl.'s Opp'n at 8.

Both the Supreme Court and the D.C. Circuit have recognized that a refusal to permit a

requestor to scrutinize a committee's activities to the extent FACA allows constitutes a

sufficiently distinct injury to provide standing to sue.  *See Pub. Citizen*, 491 U.S. at 449; *see also*

*Byrd v. U.S. Envtl. Protection Agency*, 174 F.3d 239, 243 (D.C. Cir. 1999).  FACA requires that

"whenever practicable, all [Federal Advisory Committee] materials must be available for public

inspection and copying before or on the date of the advisory committee meeting to which they

apply."  *Food Chem. News v. Dept. of Health & Human Servs.*, 980 F.2d 1468, 1469 (D.C. Cir.

---

[1]     The court need not decide whether FACA applies to the NACC, but it assumes the fact for
purposes of analyzing standing.  The court remains in doubt as to FACA's applicability.  *See*
Mem. Op. (Aug. 16, 2007).

1992).   The statute also requires advisory committees to provide advanced notice of their

meetings and to open their meetings to the public, subject to exceptions not relevant here.  *Pub.*

*Citizen*, 491 U.S. at 446.  Therefore, because the plaintiff specifically requested and has not

received access to meetings or records of the NACC, it has established an injury in fact sufficient

to support standing.

### 2.    The Alleged Injury is Not Fairly Traceable to the Defendants or Redressable by a Court Order

Although the plaintiff has established an injury in fact, to establish standing it still must

prove that its injury is fairly traceable to the defendants' actions and that the relief sought will

redress its injury.  *Byrd*, 174 F.3d at 243 (citing *Steel Co.*, 523 U.S. at 103).  The plaintiff

suggests that a declaratory judgment, an order directing the defendants "to comply with FACA"

in making all records and reports available to the public, or an order directing the defendants "to

take all steps within their power [to] ensure" that the plaintiff may attend future NACC meetings

will likely redress its injury.  Pl.'s Opp'n at 11-12.  But, the plaintiff has yet to explain how its

injury – being denied access to the meetings and records of the NACC and its U.S. component

subgroups – is fairly traceable to the defendants' conduct.

For the plaintiff to satisfy the "fairly traceable" element of standing, it must show that the

defendants have prevented the plaintiff from having access to NACC meetings and records.  *Steel*

*Co.*, 523 U.S. at 103 (stating that standing requires "causation – a fairly traceable connection

between the plaintiff's injury and the complained-of conduct of the defendant").  The NACC is a

multinational entity composed of business leaders from Mexico, Canada and the United States,

with each country determining its own membership selection process.  Compl. ¶¶ 14-15.  The

Commerce Department allegedly worked with the Council of the Americas, the Chamber of

Commerce and other parties to formalize the NACC by facilitating interaction between

representatives from the three governments and the private sector. *Id.* ¶ 13. The plaintiff offers

no evidence, or argument, that the defendants have control over the NACC such that they could

force disclosure of all documents and records, or authority over the NACC to ensure the

plaintiff's attendance at all future NACC meetings. *See generally* Compl. Indeed, the plaintiff

merely assumes such control in disregard of the involvement of two other governments and

multiple non-governmental organization in the NACC. Therefore, the plaintiff has still not

"bridge[d] the uncertain ground found in any causal path that rests on the independent acts of

third parties." Mem. Op. (Aug. 16, 2007) at 9.

Similarly, the plaintiff faces an obstacle in demonstrating that its injury is redressable by a

favorable order of this court. *See Dynalantic Corp. v. Dep't of Def.*, 115 F.3d 1012, 1017 (D.C.

Cir. 1997) (stating that "[t]ypically, redressability and traceability overlap as two sides of a

causation coin"). As noted in the court's Memorandum Opinion dated August 16, 2007, the

plaintiff's failure to demonstrate that the defendants exercise any control over the NACC

undermines the redressability argument just as it does the causation argument. Mem. Op. (Aug.

16, 2007) at 9. Further, the Supreme Court has emphasized that there is no redressability when

the plaintiff's injury requires the action of a third party who is not a party to the suit. *Simon v. E.*

*Ky. Welfare Rights Org.*, 426 U.S. 26, 41 (1976).

The court, therefore, cannot conclude that the plaintiff's injuries would be redressed by a

favorable decision of this court. Without this necessary showing, the plaintiff has failed to

demonstrate standing. *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 939 (D.C.

Cir. 2004) (concluding that the appellants lacked standing because they had offered nothing to

substantiate their allegations that a favorable court ruling would redress their injury).  Because

the plaintiff fails to demonstrate that it has constitutional standing, the court need not linger to

analyze its prudential standing.  *See Bennett v. Spear*, 520 U.S. 154, 162 (1997) (explaining that

the requirement for prudential standing exists "[ i]n addition to the immutable [standing]

requirements [of] Article III").

## IV.   CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss.  An order

consistent with this Memorandum Opinion is separately and contemporaneously issued this 19th

day of September, 2008.

RICARDO M. URBINA
United States District Judge